UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY BRANT CAROEN,

        Petitioner,

                               CASE NO. 2:08-CV-11285
   v.                           JUDGE AVERN COHN
                               MAGISTRATE JUDGE PAUL J. KOMIVES

BARBARA SAMPSON,

        Respondent.[1]

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     D.    *Illegal Search (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.    *Right to Present a Defense (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     F.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
          1.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
          2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
     G.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

\*       \*       \*       \*       \*


I.     <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of

habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a

certificate of appealability.


II.   <u>REPORT</u>:


A.    *Procedural History*

_____

[1] By Order entered this date, Barbara Sampson has been substituted in place of Thomas Bell as
the proper respondent in this action.

1.	Petitioner Anthony Brant Caroen is a state prisoner who, at the time he filed this petition, was incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan. Petitioner was released on parole on September 21, 2009.[2]

2.	On December 11, 2003, petitioner was convicted of one count of second degree criminal sexual conduct (CSC-II), MICH. COMP. LAWS § 750.520c(1)(a); and two counts of accosting a child under 16 for an immoral purpose, MICH. COMP. LAWS § 750.145a, following a jury trial in the Montmorency County Circuit Court. On April 12, 2004, he was sentenced to concurrent terms of 3-22½ years' imprisonment on the CSC-II conviction, and 1½-6 years' imprisonment on the accosting convictions.

3.	Petitioner initially requested and was denied appointment of appellate counsel. He filed a *pro se* delayed application for leave to appeal, raising eight claims:

I.	THE TRIAL COURT'S DENYING OF APPOINTED APPELLATE COUNSEL FOR A DEFENDANT CONVICTED FOLLOWING A TRIAL IS AN ABUSE OF DISCRETION AND VIOLATES DEFENDANT-APPELLANT'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION.

II.	THE TRIAL COURT ERRED IN ITS HANDLING OF DEFENDANT-APPELLANT'S REQUESTS FOR TRANSCRIPTS AND DEFENDANT-APPPELLANT DOES NOT HAVE THE BENEFIT OF HIS TRANSCRIPTS TO PREPARE AN APPEAL WHICH VIOLATES

---

[2]Petitioner's release on parole does not deprive this Court of jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also*, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is "in custody" here because (a) a petitioner on parole is "in custody" for purposes of habeas corpus, *Jones v. Cunningham*, 371 U.S. 236, 240-41 (1963); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993), and (b) jurisdiction is not defeated where the petitioner is in custody at the time the petition is filed, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988).

DEFENDANT-APPELLANT'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION.

III. DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO MOVE TO SUPPRESS EVIDENCE WHICH WAS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE CONDUCTED ON HIS PROPERTY AS DEFENDANT-APPELLANT ARGUES THAT THE POLICE DID NOT HAVE PROBABLE CAUSE TO SEARCH WITHOUT A WARRANT PRIOR TO CONFISCATING HIS PERSONAL PROPERTY AS EVIDENCE USED IN MY CONVICTION.

IV. THE DATE OF THE OFFENSE WAS CHANGED THREE (3) TIMES WHICH CIRCUMVENTED DEFENDANT-APPELLANT'S ALIBI DEFENSE AND DENIED APPELLANT DUE PROCESS.

V. DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL WHERE THE MATTER WAS REASSIGNED TO A JUDGE WHO WAS SYMPATHETIC TO DEFENDANT-APPELLANT'S WIFE.

VI. DEFENDANT-APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO AN IMPARTIAL JURY.

VII. DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND IMPARTIAL VERDICT.

VIII. THE TRIAL COURT ABUSED ITS DISCRETION IN TRYING TO INFLUENCE DEFENDANT-APPELLANT INTO ADMITTING GUILT IN EXCHANGE FOR A MORE LENIENT SENTENCE.

The court of appeals granted petitioner's delayed application for leave to appeal, and remanded the matter to the trial court for the appointment of appellate counsel. *See People v. Caroen*, No. 261929 (Mich. Ct. App. July 6, 2005). Following appointment of counsel by the trial court, counsel filed a brief on appeal raising the following claims:

I. DEFENDANT WAS DENIED HIS FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE BY THE SEARCH OF HIS RESIDENCE AFTER HE DENIED THE POLICE PERMISSION TO SEARCH, AND HE WAS DENIED A FAIR TRIAL BY THE ADMISSION OF THE FRUITS OF THE SEARCH.

II. DEFENDANT'S CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

WAS IMPROPERLY LIMITED WHEN THE PROSECUTION CHANGED THE DATE OF THE OFFENSE MULTIPLE TIMES, AND THE JUDGE INSTRUCTED THE JURY THAT TIME WAS NOT AN ELEMENT OF THE OFFENSE, THUS UNDERCUTTING THE ABILITY OF THE DEFENDANT TO FAIRLY PRESENT HIS ALIBI DEFENSE.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Caroen*, No. 261929, 2007 WL 838929 (Mich. Ct. App. Mar. 20, 2007) (per curiam).

4.     Petitioner, through counsel, sought leave to appeal these two issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Caroen*, 480 Mich. 1002, 742 N.W.2d 351 (2007).

5.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on March 25, 2008. As grounds for the writ of habeas corpus, he raises the two claims raised in counsel's brief on appeal in the state courts.

6.     Respondent filed her answer on October 2, 2008. She contends that petitioner's Fourth Amendment claim is not cognizable, and that petitioner's right to present a defense claim is without merit.

7.     Petitioner filed a reply to respondent's answer on October 30, 2008.

B.     *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from the sexual assault of his then eleven-year-old stepdaughter and her then ten-year-old friend. Petitioner's stepdaughter's friend testified that one night in late October or early November 2002, she went over to petitioner's home to visit his stepdaughter. Petitioner went to pick her up to bring her to the home.[3] On the ride to petitioner's home, they

---

[3]Respondent has not filed the trial transcripts as part of the Rule 5 materials lodged in this Court. Because petitioner's illegal search claim raises a question of pure law, and because the facts relating to petitioner's right to present a defense claim are not disputed by the parties, the trial transcripts are not necessary to resolve the petition. The following description of the trial testimony is derived from the

stopped at a video store and rented a movie. Petitioner had pornographic magazines and placed them in her lap. When they arrived at the Caroen house, she and petitioner's stepdaughter went to the stepdaughter's room. Both girls testified that petitioner showed them a video with naked people, although their testimony differed in some details. After the video, they went back to the stepdaughter's bedroom. Petitioner joined them, and placed pornographic magazines on the bed. Petitioner placed the friend's hand on his stepdaughter's crotch, and offered the girls money to perform various sexual acts. Later in the night, petitioner called his stepdaughter up to his bedroom, and asked her if she knew how to work the video camera. Petitioner was laying on the bed with a blanket over his legs, and told him he was trying to make a movie. Later, the girls went with petitioner to pick up food, and nothing happened on the trip. The girls initially did not tell anyone about what petitioner had done. Eventually, petitioner's stepdaughter told her mother, petitioner's wife, about the incident. She then reported the incident to the police.

Sergeant Elowsky testified that petitioner agreed to speak with him about adult movies and adult magazines. Before he could describe the specific allegations made by the girls, petitioner said "[t]his is about the girls." Petitioner indicated that his stepdaughter had "gotten into" his sexually explicit magazines, so he had thrown them away. Petitioner told Elowsky that there was a VCR in his stepdaughter's room, but indicated that it did not work. Petitioner's wife later showed Elowsky that the VCR did, in fact, work. Petitioner could not remember how his stepdaughter's friend got to the house on the day in question. After the conversation, Elowsky arrested petitioner. He asked petitioner for consent to search the home, which was denied. After placing petitioner in a patrol car, petitioner asked for and received consent to search the home from petitioner's wife. He found a

parties' briefs in the Michigan Court of Appeals, and is set forth for background purposes only.

number of adult magazines sitting beside the couple's bed, as well as several adult videos in plain sight by the bed. The videos included both commercially produced movies and movies of sexual acts involving petitioner and his wife.

The following day, petitioner's wife called Deputy Doug Baum and informed him that she had found other sexually explicit magazines in the gun cabinet, which is where her daughter had indicated petitioner placed the magazines after they were shown to her. These magazines included one titled "Family Heat," which had stories about family members, particular fathers and daughters, having sex with each other, one with a story on "secrets to getting two girls in bed," and one that depicted young females having sex with each other. Deputy Robert VanSinger testified that he spoke with petitioner at the jail. The conversation lasted about 30 minutes and was taped. The tape was played for the jury, but not transcribed.

Three witnesses testified to prior similar acts committed on them by petitioner. One testified that in April 1999, when she was 14 years old, petitioner showed her some pornographic material and asked her to sit in his lap. She filed a police report, but nothing had come of the report. The second witness, petitioner's sister-in-law (apparently his brother's wife), testified that in 2002 petitioner informed her that he had had sex with young girls in her family. The third witness, another family member who was 20 at the time of trial, testified that when she was 11 years old petitioner told her she "had nice boobs," and that when she was 13 years old petitioner gave her alcohol and offered her $500 to have sex with him.

Relying on an incident date of October 26, 2002, petitioner presented an alibi defense. His stepfather testified that on that date the whole family gathered at his home for his 62nd birthday. Petitioner arrived at midday with his children, but his stepdaughter was not with him. Four other

family members or friends testified that petitioner attended his stepfather's birthday party on

October 26, 2002. In rebuttal, the prosecution called petitioner's wife, who testified that petitioner

had told her he "was never going to go to a family gathering again" when they discussed whether

he was going to the birthday party. To her knowledge, petitioner did not attend the party.

At the conclusion of the evidence, the trial court dismissed one count of CSC-II because

there was no evidence of sexual conduct involving the stepdaughter's friend. After sending several

notes to the judge and receiving further unanimity instructions, the jury returned a verdict finding

petitioner guilty of the remaining CSC-II charge and the two accosting charges.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>      (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>      (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A

state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Illegal Search (Claim I)*

In his first claim, petitioner contends that the search of his home for pornographic magazines and videos violated his Fourth Amendment right against unreasonable searches and seizures. He argues that although his wife consented to the search, her consent was invalid pursuant to *Georgia v. Randolph*, 547 U.S. 103 (2006), because it was obtained after he had explicitly refused consent. Prior to the Court's decision in *Randolph*, petitioner challenged the search on this basis in the trial court, which denied his motion to suppress the evidence. On appeal, with the benefit of the *Randolph* decision, petitioner pressed this claim. The court of appeals rejected the claim, concluding that even if the search of the home was unlawful, the presentation of the evidence was harmless beyond a reasonable doubt in light of the other evidence against petitioner, and in light of the magazines voluntarily provided by petitioner's wife to the police, which he did not claim were unlawfully seized. *See Caroen*, 2007 WL 838929, at *1, slip op. at 1-2. The Court should conclude

that petitioner's claim is not cognizable on habeas review.

Because "the exclusion of illegally seized evidence is simply a prophylactic device intended to deter Fourth Amendment violations by law enforcement officers," *Kaufman v. United States*, 394 U.S. 217, 224 (1969), the Supreme Court has determined that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also, Cardwell v. Taylor*, 461 U.S. 571, 571-72 (1983) (per curiam). Thus, petitioner's claim is not cognizable on habeas review if he had an adequate opportunity to present his claim to the state courts. "For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985); *see also, Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982); *Willett v. Lockhart*, 37 F.3d 1271-72 (8th Cir. 1994). The requirement that there be, in the abstract, a mechanism by which to raise the Fourth Amendment claim "is met when state procedures provide a meaningful vehicle for a prisoner to raise a fourth amendment claim." *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985).

There is no question that Michigan provides such mechanism, in the abstract, to raise and litigate Fourth Amendment claims. *See Markham v. Smith*, 10 Fed. Appx. 323, 327 (6th Cir. 2001); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Nor does petitioner argue that this mechanism was frustrated. Petitioner had the opportunity to file a motion to suppress in the trial court, and in fact did so. Petitioner also raised his Fourth Amendment claim on direct appeal, and the Michigan Court of Appeals rejected the claim on the merits. Under *Stone* the correctness of the

state courts' conclusions is simply irrelevant. The courts that have considered the matter "have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986); *see also*, *Willett*, 37 F.3d at 1270 (citing cases). An argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994). As succinctly put by the Seventh Circuit, "'full and fair' guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003).

Here, petitioner has offered nothing to show that he was denied a full and fair opportunity to present his Fourth Amendment claim in the state courts; rather, he contends only that those courts incorrectly resolved his claim. Petitioner's claim is therefore not cognizable on habeas review under *Stone v. Powell*. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Right to Present a Defense (Claim II)*

Petitioner next contends that he was denied the right to present an alibi defense when the prosecution changed the date of the offense and the trial court instructed the jury that the prosecution did not have to prove that the incident occurred on a specific date. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The parties do not dispute the facts relevant to petitioner's claim. Prior to trial, the prosecutor charged, based on the police report, that the incident occurred on November 9, 2002. Shortly before the scheduled trial date, petitioner's wife informed the prosecutor that she had

obtained the receipt from the video store showing that the movie rented by petitioner and the stepdaughter's friend was rented on October 26, 2002. Based on this, the prosecutor sought leave to amend the information to reflect October 26, 2002, as the date of the incident. The trial court declined to allow amendment, but did permit dismissal without prejudice so that the prosecutor could refile the charges. The trial judge secured an assurance from the prosecutor that the date would not thereafter change. The prosecutor filed a new information alleging that the incident occurred "on or about 10/26/2002." Petitioner presented an alibi defense based on October 26, 2002, as the date of the incident. Nevertheless, at trial the victims did not testify to any exact date and the trial court, at the prosecutor's request, instructed the jury that time was not an element of the offense and that the prosecutor was not required to prove that the incident occurred on the exact date given, but only reasonably near that date.

On appeal, the Michigan Court of Appeals rejected petitioner's claim that these set of facts deprived him of his right to present a defense. After surveying state cases on the matter, the court explained that "[t]hese cases illustrate that the failure to prove that the charged offense occurred on the date specified in the information is not itself a due process violation, and defendant's assertion of an alibi defense does not necessitate that the prosecution commit to a specific date." *Caroen*, 2007 WL 838989, at *4, slip op. at 4. The court rejected petitioner's argument that this general rule was inapplicable because the prosecution had committed on the record to the October 26, 2002, date. The court explained:

> We do not agree that the facts of this case vitiate the stricture that time is not of the essence in criminal sexual conduct cases involving children. Moreover, a defendant should not be permitted to use an alibi defense to avoid prosecution because a child is confused with respect to the date of an alleged assault. It was clear from the beginning of the case that the prosecutor could not pinpoint an exact date. Despite this uncertainty, defendant chose to rely in part on an alibi defense, which . . . may

not be a "realistic option" when a defendant and victim live in the same house over an extended period of time.

*Id.* The Court should conclude that this determination was reasonable.

The Sixth Amendment provides, in relevant part, that a criminal defendant has the right to "be informed of the nature and cause of the accusation" against him. U.S. CONST. amend VI. Notice and an opportunity to defend against the charges as guaranteed by the Sixth Amendment are an integral part of the due process protected by the Fourteenth Amendment, and are accordingly applicable in state prosecutions. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *In re Oliver*, 333 U.S. 257, 273 (1948). The complaint or indictment challenged need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him to prepare a defense. Thus, "[a]n indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see also*, *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982); *Ransom v. Davis*, 613 F. Supp. 430, 431 (M.D. Tenn. 1984), *aff'd*, 767 F.2d 921 (6th Cir. 1985). "[A] charge is sufficiently specific when it contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution." *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992).

The information charging petitioner with a crime committed "on or about" October 26, 2002, was sufficiently precise to provide notice of the charges. The federal courts have repeatedly found such language, although imprecise, sufficient to provide notice of the charges in child sexual assault cases, and have concluded that such imprecise language does not deny a defendant of the right to present a defense by making it difficult for the defendant to present an alibi.

"Because minors often are not capable or remembering the exact dates when the alleged acts occurred, 'fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements.'" *United States v. Young*, No. 08-CR-285, 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008) (quoting *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005)). For example, in *Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir. 1992), the petitioner was originally charged with assaulting the victim on December 7, 1985. After petitioner came forward with an alibi for that date, the prosecution amended the information to charge two counts of sexual assault occurring sometime in the six months preceding December 1985. The Seventh Circuit concluded that this charge neither failed to provide notice nor deprived the petitioner of his right to present an alibi defense; although an alibi defense covering such a broad period was difficult, the information still provided sufficient information for the petitioner to "test [the victim]'s veracity and memory" and to "deny participation." *See id.* at 618-19; *see also*, *United States v. Williams*, 40 M.J. 379, 382 (C.M.A. 1994) (reaching same result in reliance on *Fawcett*). The Ninth Circuit reached a similar conclusion in *Brodit v. Cambra*, 350 F.3d 985, 988-89 (9th Cir. 2003).[4] These cases and others like them establish that

> [p]etitioner was not deprived of due process as a result of the time frame[] set forth

---

[4]Similarly, the state courts have uniformly reached this conclusion on similar facts. *See, e.g., Morton v. State*, 581 So. 2d 562, 565 (Ala. Ct. Crim. App. 1991); *Covington v. State*, 703 P.2d 436, 439 (Alaska Ct. App. 1985); *Bonds v. State*, 751 S.W.2d 339, 341-42 (Ark. 1988); *State v. Verdugo*, 510 P.2d 37, 38 (Ariz. 1973); *State v. Spigarolo*, 556 A.2d 112, 126-27 (Conn. 1989), *denial of habeas corpus aff'd sub nom. Spigarolo v. Meachum*, 934 F.2d 19 (2d Cir. 1991); *Roberts v. United States*, 752 A.2d 583, 589-90 (D.C. 2000); *Pagan v. State*, 599 So. 2d 744, 745-46 (Fla. Ct. App. 1992); *Eberhardt v. State*, 359 S.E.2d 908, 909 (Ga. 1987); *State v. Taylor*, 797 P.2d 158, 160-61 (Idaho Ct. Ap. 1990); *Merry v. State*, 335 N.E.2d 249, 256 (Ind. Ct. App. 1975); *State v. Dixon*, 628 So. 2d 1295, 1299 (La. Ct. App. 1993); *State v. Gifford*, 595 A.2d 1049, 1051-52 (Me. 1991); *Commonwealth v. Bishop*, 617 N.E.2d 990, 1000 (Mass. 1993); *State v. Mulkey*, 560 A.2d 24, 30 (Md. 1989); *Koerschner v. State*, 13 P.3d 451, 456 (Nev. 2000); *State v. Lakin*, 517 A.2d 846, 847 (N.H. 1986); *People v. Watt*, 644 N.E.2d 1373, 1375 (N.Y. 1994); *State v. Smith*, 599 N.W.2d 344, 350-51 (S.D. 1999); *Yeager v. Commonwealth*, 433 S.E.2d 248, 250 (Va. Ct. App. 1993).

in the information. The fact that the . . . time period may have affected [p]etitioner's alibi defense did not deprive him of due process. A defendant cannot show that an imprecise indictment or information amounts to the deprivation of the constitutional right to adequate notice merely by establishing that the presentation of his defense was made more burdensome or difficult.

*Turner v. Romanowski*, No. 05-CV-73072, 2007 WL 496672, at *6 (E.D. Mich. Feb. 13, 2007) (Borman, J.); *accord Page v. Metrish*, No. 2:06-CV-12229, 2008 WL 2217933, at *5-*6 (E.D. Mich. May 27, 2008) (Steeh, J.); *see also*, *Young*, 2008 WL 4178190, at *4 (citing, *inter alia*, *Valentine*, 395 F.3d at 632) ("Defendant's desire to offer an alibi defense does not alter the pleading obligations of the Government. . . . [W]hile Defendant may pose an alibi defense, his desire to do so does not affect the Government's latitude to employ broad date ranges within the Indictment.").

The fact that the prosecutor charged that the incident occurred "on or about" a specific date does not alter this result. It is well established that "[a] court may ignore independent and unnecessary allegations in an indictment. Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994). "[L]anguage that describes elements beyond what is required under statute is surplusage and need not be proved at trial." *Bargas v. Burns*, 179 F.3d 1207, 1216 n.6 (9th Cir. 1999); *see also*, *United States v. Cross*, 113 F. Supp. 2d 1253, 1255 (S.D. Ind. 2000). Because the date was not an element of the offense, the prosecution did not have to prove the date of the offense beyond a reasonable doubt. Nor did this language unfairly mislead petitioner. The language did not set a date certain, but only that the offense occurred "on or about" a date certain. This language, coupled with the fact that "[i]t was clear from the beginning of the case that the prosecutor could not pinpoint an exact date," *Caroen*, 2007 WL 838929, at *4, slip op. at 4, sufficiently put petitioner on notice that the

prosecutor was not tied to one specific date.

For these reasons, the amendment of the information and the trial court's instruction regarding the date of the offense neither deprived petitioner of notice of the charges against him nor impaired his right to present a defense. At a minimum, in light of the caselaw discussed above, the Michigan Court of Appeals's conclusion was not an unreasonable application of clearly established law. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Recommendation Regarding Certificate of Appealability*

        1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason;

that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

Here, if the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability, for the reasons discussed above.  The conclusion that petitioner's Fourth Amendment claim is not

cognizable on habeas review is not reasonably debatable in light of the clear rule set forth in *Stone v. Powell.*  Likewise, in light of the significant body of federal and state cases upholding wide date range charges against notice and right to present a defense claims, the resolution of petitioner's right to present a defense claim is not reasonably debatable.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 5/7/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on May 7, 2010.

s/Eddrey Butts
Case Manager